Rosemary J. Beless, A0272
Douglas J. Payne, A4113
Rachel S. Anderson, A12431
FABIAN & CLENDENIN,
A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 532-3370
Email: rbeless@fabianlaw.com
dpayne@fabianlaw.com
randerson@fabianlaw.com

Attorneys for Defendant Thurston Energy, LLC

**IN THE UNITED STATES DISTRICT COURT**

**STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DARK HORSE EXPLORATION, INC., a Wyoming corporation; ROGER LANDRESS, a Texas citizen,<br><br>Plaintiffs,<br><br>v.<br><br>THURSTON ENERGY, LLC, a Delaware limited liability company, and RALPH RAYMOND CURTON, JR., a Texas citizen,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. PROC. 12(b)(1)**<br><br>Civil No. 2:09-cv-1009-DB<br><br>Judge Dee Benson |

Defendant Thurston Energy, LLC ("Thurston"), by and through its counsel of record, hereby submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1). For the reasons set forth herein, plaintiffs' complaint against defendants lacks subject matter jurisdiction and must be dismissed.

## I. INTRODUCTION

In order to obtain subject matter jurisdiction in this federal court, plaintiffs Dark Horse Exploration, Inc. ("Dark Horse") and Roger Landress ("Landress") allege an amount in controversy exceeding $75,000 and diversity of citizenship pursuant to 28 U.S.C. § 1332. However, by their own allegations, plaintiffs admit that plaintiff Landress and defendant Ralph Raymond Curton, Jr. ("Curton") are and have been citizens of the State of Texas. Because there is a lack of *complete* diversity of citizenship between the plaintiffs and the defendants in this case, this Court does not have subject matter jurisdiction, and this case should be dismissed.

## II. FACTUAL BACKGROUND

1. On November 17, 2009, plaintiffs Dark Horse and Landress filed their Complaint (the "Complaint") against defendants Thurston and Curton with this Court.

2. In their Complaint, plaintiffs allege that this Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1332 because: (1) "the amount in controversy exceeds $75,000, exclusive of interest and cost," and (2) the controversy "constitutes an action between citizens of different states." Complaint at ¶5.

3. Plaintiffs further allege in their Complaint that "this Court has subject matter jurisdictions [sic] over the matter in controversy pursuant to complete diversity of jurisdictions between the parties." Complaint at ¶6.

4. Plaintiffs allege in their Complaint that plaintiff Dark Horse is a Wyoming corporation and has its principal place of business in the State of Wyoming. Complaint at ¶1.

5. Plaintiffs allege in their Complaint that plaintiff Landress is and has been at all times material to this cause of action a citizen of the State of Texas. Complaint at ¶2.

6. Plaintiffs allege in their Complaint that defendant Thurston is a Delaware limited liability company and has its principal place of business in Texas. Complaint at ¶3.

7. Plaintiffs allege in their Complaint that defendant Curton "is and has been at all times relevant to this Complaint a citizen of the State of Texas." Complaint at ¶4.

8. Plaintiffs do not allege that their claim involves any federal question that would give this Court subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## III. ARGUMENT

### A. THIS LAWSUIT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.

A federal court cannot hear a case if it lacks subject matter jurisdiction over the action. Fed. R. Civ. Proc. 12(h)(3) (stating that a court must dismiss the action at any time if it determines that it lacks subject matter jurisdiction). A party may move to dismiss a case that lacks subject matter jurisdiction. *See* Fed. R. Civ. Proc. 12(b)(1) (allowing motions to dismiss for lack of subject matter jurisdiction). A court that lacks subject matter jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis added).

Because the federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction. *Id.* The party asserting that jurisdiction exists must bear the burden of proof in establishing its existence. *Id.*

**B. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NOT COMPLETE DIVERSITY BETWEEN PLAINTIFFS AND DEFENDANTS.**

Plaintiffs allege that federal jurisdiction is obtained in this case because of the diversity of citizenship between the plaintiffs and the defendants.[1] Complaint at ¶5-6. Federal courts may exercise jurisdiction based on the diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1) (stating that the district courts shall have original jurisdiction when the amount in controversy exceeds $75,000 and is between citizens of <u>different</u> states). However, it is longstanding law that diversity jurisdiction requires "<u>complete</u> diversity of citizenship," and applies "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added).

In the case of *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806), the U.S. Supreme Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. *Id.* at 267. The U.S. Supreme Court has adhered to that statutory interpretation ever since. *See Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). The current general diversity statute thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar*, 519 U.S. at 68; *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967) (federal jurisdiction can be founded on diversity so long as any two adverse parties are not co-citizens).

In the instant case, plaintiffs have not met their burden of proving subject matter jurisdiction based on diversity of citizenship. In fact, plaintiffs have conceded facts that actually

[1] An alternative method of establishing subject matter jurisdiction is to present a "federal question," pursuant to 28 U.S.C. § 1331. Plaintiffs have not alleged that federal question jurisdiction exists here, and in fact, there is no federal question in this action. Plaintiffs have alleged a breach of contract case, which does not present a question of federal law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

destroy diversity. Plaintiffs allege that plaintiff Landress is a citizen of the State of Texas (Complaint at ¶2) and plaintiffs allege that defendant Curton is also a citizen of the State of Texas (Complaint at ¶4). Because one of the plaintiffs and one of the defendants both have Texas citizenship, diversity does not exist as required by 28 U.S.C. § 1332(a)(1). Moreover, plaintiffs also allege that defendant Thurston's principal place of business is in Texas (Complaint at ¶3), so that defendant Thurston is also deemed a citizen of the State of Texas pursuant to 28 U.S.C. § 1332(c)(1). Because there is not complete diversity between plaintiffs and defendants, this Court does not have subject matter jurisdiction over this lawsuit and must dismiss the case.

## IV. CONCLUSION

For the reasons set forth herein, Thurston's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. Proc. 12(b)(1) should be granted.

DATED this 11th day of January, 2010.

/s/ Rosemary J. Beless
Rosemary J. Beless
Douglas J. Payne
Rachel S. Anderson
FABIAN & CLENDENIN,
A Professional Corporation
Attorneys for Defendant Thurston Energy, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of January, 2010, I caused a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. PROC. 12(b)(1) to be sent via ECF through the Court, and mailed by first-class mail, postage prepaid, to the following:

Julian D. Jensen
Jensen, Duffin & Dibb
311 South State Street, Suite 380
Salt Lake City, Utah 84111
*Attorney for Plaintiffs*

/s/ Joan Showalter

ND: 4822-9164-4933, v. 1